```
H9KHCOLC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4              v.                            16 Cr. 521 (CM)
5
   DWAINE COLLYMORE,
6
                                             Conference
7              Defendant.
8  ------------------------------x
9                                             New York, N.Y.
                                              September 20, 2017
10                                            2:55 p.m.
11
   Before:
12
                    HON. COLLEEN MCMAHON,
13
                                             District Judge
14
                         APPEARANCES
15
     JOON H. KIM
16       Acting United States Attorney for the
         Southern District of New York
17 JARED LENOW
         Assistant United States Attorney
18
   JEREMY SCHNEIDER
19 DAVID STERN
         Attorneys for Defendant
20
21
22
23
24
25

1           (Case called)
2           THE COURT:  Good afternoon.  So I gather we're going
3   forward not as a death case, and I have passed out a decision
4   and order denying the defendant's suppression motions, and we
5   have a trial date; right?
6           MR. STERN:  All true.
7           MR. SCHNEIDER:  All accurate.
8           THE COURT:  All accurate?
9           MR. SCHNEIDER:  Yes.
10          MR. LENOW:  Yes, your Honor.
11          THE LAW CLERK:  December 4, Judge.
12          THE COURT:  What do we need to do?
13          MR. LENOW:  Judge, so I don't think there's anything
14  the parties need in terms of relief from the Court or requests
15  from the Court.  We thought that it would be helpful just to
16  kind of do two things.  One is just in terms of to preview for
17  the Court what the Court can expect in terms of timing and
18  types of evidence.  We still think -- I think we had estimated
19  two weeks before, and that's being conservative.  I think we'll
20  finish within that period of time.
21          THE COURT:  I certainly hope so.  It's right before
22  the holidays.  You'll have a very hard time getting jurors if
23  you don't.
24          MR. LENOW:  I think there's a strong incentive for
25  everyone to move efficiently.

1        As your Honor knows from prior conferences, this is a
2   murder case surrounding a push-in robbery of a local marijuana
3   spot in the Bronx. We expect we're going to have a couple
4   witnesses from the location who were there when the murder
5   happened. And some of the other kind of interesting facets of
6   the case to preview for the Court, one of the important pieces
7   of evidence in this trial's going to be some Google searches.
8   This murder was committed with a specific type of weapon. It's
9   essentially a handgun that uses shotgun shells. It's called
10  "The Judge." And one of the pieces of evidence the Court and
11  the jury's will see in this case, we anticipate, is going to be
12  Google searches by the defendant for that gun, "The Judge," in
13  advance of the murder. And there will also be some cell phone
14  location and toll records and that sort of evidence that one
15  would expect to see in a case like this.
16       So we do expect to finish within two weeks. We can
17  confer with defense counsel about various logistical matters.
18  The one we thought of flagging for the Court, we are having
19  discussions about various issues relating to witness *Giglio* and
20  when things will be turned over and that sort of thing. We're
21  in discussions, and I think there's a good chance we're going
22  to resolve this without Court intervention. I think we did
23  flag for the Court either the government or the defense might
24  be submitting a letter to the Court on this point to the extent
25  we can't reach agreement, but I think the parties are

1  optimistic that we're going to work out procedures regarding
2  timing and confidentiality, that sort of thing.  This is not a
3  case where we anticipate there being a large volume of that
4  sort of material, so I think we're going to resolve it.  But we
5  don't have any dispute to bring before the Court at this time.
6            THE COURT:  Hello, Mr. Stern.
7            MR. STERN:  Hi.  How are you?
8            THE COURT:  Fine.
9            MR. STERN:  Me too.  Just so our position is clear,
10 what we were discussing was we don't know whether or not
11 witnesses in this case have criminal records or not or have
12 served time in jail.  The government has informed us they
13 intend to withhold some of that information till relatively
14 late, and they have the right to do that under the statute.
15 But we've told them that were we to have that information, we
16 would get things like parole hearing minutes, plea minutes,
17 sentencing submissions, if there were statements made by
18 defendants before they pled guilty or were convicted after
19 trial, those kind of things.
20           THE COURT:  You mean from other courts?
21           MR. STERN:  Correct, state or federal court.  We don't
22 know which.
23           THE COURT:  All right.
24           MR. STERN:  From the prisons in which they were held,
25 if they have disciplinary records.  We told the government as

1   well we're not interested in people who smoked marijuana or
2   snuck on the subway, those things, only things that were
3   felonies or go to their honesty.  The government has not yet
4   reached any agreement with us, but I think is considering what
5   position they'll take.  The only reason we would end up writing
6   to you is if they take the position that we will not find those
7   things, and we'll give you the information so late you can't
8   find them.  So that's where things are now.  We're not asking
9   you to rule.  We're only saying --
10          THE COURT:  I understand.  It's always possible that
11  they'll find out that they won't be able to go to trial if you
12  don't have time.  I don't know how long it takes to get a
13  transcript from the New York State Supreme Court.
14          MR. STERN:  OK.
15          THE COURT:  Possibly should have started last May.
16          MR. LENOW:  May before last May.
17          THE COURT:  Possibly.
18          MR. SCHNEIDER:  Just one other thing that we haven't
19  discussed with Mr. Lenow is that we're prepared to accept 3500
20  and *Giglio* material as early as possible for attorneys' eyes
21  only so we can at least prepare, and then at a period of time
22  right before trial we can explain it to our client.  So the
23  important part is that Mr. Stern and I have the information in
24  enough time to prepare cross-examination or openings in the
25  whole case rather than just work on the fly as the case goes

H9KHCOLC

1  on.  So that's our concern, Judge.  Again, we're prepared.
2  We're not looking -- if there's any issues of safety, we're
3  prepared to figure that out with the government and the Court.
4        THE COURT:  I'll tell you what.  If you guys can't
5  figure it out after about three weeks, do give me a call, and
6  I'll set a schedule.
7        MR. LENOW:  Thank you, Judge.  Appreciate that.
8        MR. SCHNEIDER:  Thank you.
9        THE COURT:  Anything else?
10        MR. LENOW:  No.  Happy New Year, Judge.
11        THE COURT:  Thank you all, and I will see you -- well,
12  we have a final trial conference on --
13        MR. SCHNEIDER:  We do have a conference date already
14  scheduled.  I believe it's November 20 at 10:00 a.m.  That's my
15  understanding.
16        THE COURT:  And I've set a schedule for 404(b) and all
17  that stuff.
18        MR. SCHNEIDER:  Yes, you have.
19        THE COURT:  Great.  Good.  You have your marching
20  orders.
21        MR. LENOW:  Judge, I think we would also move for
22  exclusion of time until the December 4 trial date, to the
23  extent it hasn't already been excluded, to allow the parties to
24  prepare for the upcoming trial.
25        THE COURT:  Yes, that's not a statutory reason to

H9KHCOLC

1  exclude time.  That's what the 70 days are for, to prepare for
2  trial, but it turns out that we've already excluded time
3  through December 4 with the consent of defense counsel, so we
4  don't have to do that.
5          MR. LENOW:  Fantastic.  Thank you, Judge.
6          THE COURT:  Great.  But do remind them in your office
7  that that's not a statutory basis for excluding time.
8          MR. LENOW:  I will alert them, Judge.
9          THE COURT:  Thanks, Mr. Lenow.
10         MR. SCHNEIDER:  Thank you, Judge.
11         (Adjourned)